No. 10,833.

ESTATE OF JOHN H. MAGINNIS VS. NEW ORLEANS COTTON EXCHANGE MUTUAL AID ASSOCIATION.

In a mutual aid association a particular method of notice of assessments falling due having been agreed upon and made a part of the charter, is binding on all members.

It being also provided that, when a member neglects or refuses to pay any assessment, he shall be suspended and treated as no longer a member; in case of death, during the period of such suspension, the holder of the benefit certificate can not recover, unless the association is estopped by its own acts, or has waived the effects of the suspension.

The assessed had failed to pay the assessment within the time specified, and it remained unpaid at the time of his death.

There can be no recovery under his certificate.

A PPEAL from the Civil District Court, Parish of Orleans. *Voorhies, J.*

---

*W. S. Benedict* for Plaintiff and Appellee.

---

*Bayne, Denegre & Bayne* for Defendant and Appellant:

Article V. of the charter of defendant corporation providing that if a member fail to pay assessments within ten days after notification, as therein provided, he shall be suspended, and that if he die while delinquent, he forfeits all claim upon the association, and John H. Maginnis having died while delinquent, his executor can not recover.

The charter of a mutual benefit association constitutes the contract between the members thereof, and its provisions have the force of law between them.

Sickness, even if proven, is no defence. Madeira vs Merchants' Exchange Mutual Benefit Society, 16 Federal Reporter, 75; Hawkshaw vs. Supreme Lodge Knights of Honor, 24 Central Law Journal, 129; New York Life Insurance Company vs. Statham et als., 93 U. S. 31; Voe vs. Benefit Association, 63 Maryland, 86; McMurray vs. Supreme Lodge, 18 Central Law Journal, 373; Benevolent Society vs. Baldwin, 86 Illinois, 479.

The opinion of the court was delivered by

BREAUX, J.   The defendant company, organized as a mutua llife in-surance association, is composed of members of the Cotton Exchange who chose to become members.   The holder of a benefit certificate is entitled, at the death of the assured, to receive an amount equal to the total assessment levied on each surviving member.   One of the articles of the charter provides that, upon proof of the death of a. member, each surviving member shall, within . ten days, pay the sum of $10, and that any member not paying shall be suspended and treated as not being on the roll of membership, and in case of his death the holder of the benefit certificate shall be without right against the association.   Upon payment of dues within thirty days, the suspension to cease.   Only the board of directors, after the ex-piration, have authority to reinstate a member who has defaulted in paying assessments.

The members are notified of an assessment by posting in the rooms. of the Exchange.

One of the members died on the 6th June, 1889.   Notice of the assessment was posted as required, and in addition, two postal cards. were mailed to and received by J. H. Maginnis.   The assured, J. H. Maginnis, died at Ocean Springs on the 4th of July, 1889.

The executor of his estate, about ten days after his death, offered to pay the assessment.   The defendant refused to receive it.

The debtor may be put in default by the terms of the contract. C. C. 1911.

The defendant contends that the member was in default, and that. the terms of the charter operated an immediate suspension.

The default is proven, payment not having been made in compli-ance with the charter.

When considering whether there was suspension, the thought. occurs that in a voluntary association, in which the initiation, no-

tices, payment of dues, assessments, suspension and reinstatement are governed by its laws, each member is bound to comply with the obligations he assumes.

When a charter contains an article suspending a member for the non-payment of an assessment, it is conclusive and binding.

This regulation of the defendant company is self-operative and takes effect after notice, unless it is estopped or has waived the suspension.

In Gunther vs. Mutual Aid Association, 40 An. 777, this court held that the article respecting suspension is self-enforcing, and that a member is suspended upon the non-payment of assessment, after notice and delay.

The decision was for plaintiff.  The court in that case:

"There is not the slightest ground for attributing the failure to pay the assessment to any other cause than the want of notice."

There was suspension of the member, but the association was estopped by its fault in matter of notice of assessment.

If the defendant company voluntarily caused the late member, Maginnis, to believe that the members were not bound by the notice posted on the wall, to pay within ten days after the posting, or that the first postal card mailed to him was a waiver of the suspension, or that the second card, notifying him that the assessment was due, gave right to postponment of payments, the plaintiff should recover.

If, on the other hand, the first notice is binding on the members of the Cotton Exchange, who are members of the association having free access to its room of meeting, and if the postal cards were issued ex gratia, the defendant company is not estopped from pleading the suspension and claiming its effect.

The deceased was a member at the time the charter was amended, and, as a member of the association, consented that posting should be sufficient notice.

As a member of the Cotton Exchange he had ample opportunity to see the notice.

Its inefficiency is not proven.

The postal cards were not misleading.

The notice posted on the wall notified the member that assessment 62 was due and payable on or before the 17th day of June, 1889.

Precisely the same notice was given by postal card.  In the sec-

ond postal he was only informed that his assessment was due on the 17th of that month.

On the 4th of July he had not complied—at the time of his death.

Some ten days afterward the executor of his estate offered to pay the amount. It was then no longer · possible to comply with the regulation of the association. It was an agreement in due form, binding on all the members, that in case of death during suspension the right to recover on a certificate was lost. We are only enforcing a condition the members have made a law unto themselves.

The suspension and notice was complete before death, and nothing in the nature of a waiver to avoid the effect of the suspension is shown.

It is therefore ordered, adjudged and decreed that the judgment appealed from be set aside, annulled and reversed, and it is now ordered, adjudged and decreed that the demand of plaintiff be rejected, with costs of both courts.