DENNIS A. DRISCOLL, APPELLEE, v. MODERN BROTHERHOOD OF AMERICA, APPELLANT.

FILED OCTOBER 4, 1906. No. 14,409.

1. **Waiver.** A waiver of a condition will not be implied from an act not inconsistent with an intention to insist upon performance.

2. ——. The acts relied upon as constituting a waiver must be those of the person whose rights are affected by it, or of some one duly authorized to act for him.

3. **Beneficial Association:** CERTIFICATE, DELIVERY OF. Where the constitution of a beneficial association requires the initiation of a member as a condition precedent to the delivery to him of a benefit certificate, the unauthorized delivery of such certificate to him by a subordinate officer before initiation will not operate as a waiver of such condition.

4. ——: MEMBERSHIP: ESTOPPEL. A secretary of a subordinate lodge by virtue of his authority to receive payment from members of their dues and assessments has no authority to receive such payments from nonmembers, and in case he does, and without the knowledge or consent of the association, or if his acts in that behalf are repudiated by it, it is not thereby estopped to deny that the persons thus making payment are members.

5. An agent cannot ratify his own unauthorized acts.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Reversed.*

*H. M. Sinclair,* for appellant.

*Thomas C. Patterson, contra.*

ALBERT, C.

The plaintiff (appellee) brought this action against the defendant on a beneficiary certificate which purports to

have been issued to him by the defendant on the 30th day of April, 1904. The certificate on its face is, in effect, a life and accident insurance policy insuring the plaintiff's life in the sum of $3,000, and indemnifying him in one-fourth that sum against certain bodily injuries resulting from accidental causes, the loss of an eye being included among such injuries. The defendant is a fraternal-beneficiary association organized and carried on for the sole benefit of its members and their beneficiaries, having a lodge system, with ritualistic work and a representative form of government, and, according to the stipulation of the parties, at the date of the certificate was doing business in this state under the provisions of section 91, ch. 43, Comp. St. 1905, relating to associations of that character. The constitution requires applications for membership to be accompanied by certain fees and to be voted upon by the subordinate lodge. If the vote be favorable to the applicant he shall then be examined by the local physician, and if recommended by him the application shall be forwarded to the head physician of the association. If the application be accepted by the head physician he shall forward it to the supreme secretary of the order, who shall forthwith issue a benefit certificate in such amount as the head physician shall authorize, not above a given amount, for the applicant, and transmit the same to the subordinate lodge through which the application was made. The constitution also provides that upon receipt of the certificate by the subordinate lodge the president thereof shall notify the applicant and he shall be initiated at a regular or special meeting, but that at any time before initiation the lodge may refuse to initiate him, in which case the certificate shall be returned to the supreme secretary with a certificate of the action of the subordinate lodge, and the initiation fee returned to the applicant. If the applicant fails to report for initiation within 60 days after his certificate has issued he forfeits his membership fee, and if he still desires to become a member must make another applica-

tion, in which case the fees paid on his first application are credited on the second. As soon as admitted to membership each member is required to deposit with the secretary of the subordinate lodge the amount of one benefit assessment, monthly *per capita* tax, the local dues for one month, and certain dues to the reserve fund. Thereafter he is required to pay certain assessments, monthly dues, and a *per capita* tax. The assessments, the *per capita* tax and a portion of the membership fee are to be remitted by the secretary of the subordinate lodge to the secretary of the supreme lodge. The constitutional requirements with respect to the terms and conditions upon which members may be received into the order, the initiation of candidates for membership, and the payments required upon admission to membership, are followed by these provisions:

"Sec. G. The liability of this fraternity for the payment of benefits upon the death or injury of a member shall not begin until all the acts, qualifications, and requirements prescribed for the applicant in the above division, and in all the laws, rules and regulations and ritual of the fraternity shall have been fully complied with by him, and until all acts therein prescribed for the lodge shall have been fully complied with by it, and until his application shall have been approved by the lodge and head physician, and a benefit certificate issued as provided in section C. of this division and delivered to applicant while in good health. And no officer of this fraternity is authorized or permitted to waive any of the provisions of this division or of these laws, or any other of the laws of this fraternity which shall relate to the contract of insurance between the members and the fraternity."

The plaintiff's application for membership was favorably acted upon by the subordinate lodge in this state and approved by the local physician, as well as by the head physician of the association, and his beneficiary certificate, bearing date of April 30, 1904, and duly signed by the proper officers, was forwarded by the supreme secre-

tary to the secretary of the subordinate lodge. The plaintiff had paid all membership fees required by him up to that time. On the morning of the 19th day of May, 1904, at plaintiff's solicitation the certificate was delivered to him by the secretary to whom he paid, at the same time, the initiation fee. A few days afterwards he paid the secretary the advance assessment and monthly dues which the constitution requires a member to pay upon his initiation. He subsequently paid the secretary the assessments and dues for June and July of the same year as they became due according to the laws of the association. He was not initiated as a member until July 17, 1904. The initiation fees were remitted to the supreme secretary August 27, 1904, who at once returned them to the local secretary with a letter denying that plaintiff had ever been a member and directing that the money be returned to him. On the evening of May 19, 1904, and after he had received his certificate, the plaintiff met with an accident which resulted in the loss of one of his eyes. His claim for indemnity was rejected by the association on the ground that liability on the certificate had not attached when the accident occurred. The defense interposed to the suit brought on the certificate was based on the same ground. A trial to the court without a jury resulted in a finding and judgment for the plaintiff. The defendant association appeals.

The constitution of the association, as well as the statute under which it is conceded it does business, restricts the benefits of the association to its members and their beneficiaries. It is a secret order and it is a matter of common knowledge that initiation is a condition precedent to membership in an order of that character. To speak of of an uninitiated member of a secret order would involve a contradiction of terms. The plaintiff appears to concede that membership in the order is a condition precedent to a recovery on his certificate and that the constitution contemplates that initiation shall precede mem-

bership, but insists that it was competent for the asso-
ciation to waive the requirement as to initiation, and that
by the delivery of the certificate, the acceptance and reten-
tion of the fees, dues and assessments paid by him, it did
waive such requirement and is now estopped to deny that
he was a member in good standing when the accident
occurred. So far as the membership fee paid by the plain-
tiff is concerned, the constitution, as we have seen, ex-
pressly provides that in case an applicant shall fail to
report for initiation within 60 days after his certificate is
issued he shall forfeit the membership fee, subject, how-
ever, to his right to have it credited on the membership
fee for a second application. Consequently, the retention
of this particular fee by the association is not inconsistent
with an intention on its part to insist upon initiation as a
condition precedent to liability on the certificate. A
waiver of a condition will not be implied from an act not
inconsistent with an intention to insist upon its perform-
ance. *Kilpatrick v. Kansas City & B. R. Co.*, 38 Neb. 620.
Besides this money was not retained by the home office,
but was returned, as we have seen, to the local secretary.

It remains, then, to inquire whether the delivery of the
certificate to the plaintiff by the secretary of the subordi-
nate lodge and the retention of the payment subsequently
made by the plaintiff to such secretary amount to a waiver
of the provision requiring initiation. One of the essential
elements of a waiver is that the acts relied upon as con-
stituting a waiver be those of the persons whose rights are
to be affected by it, or of some one duly authorized to act
for him. The association is a corporation and, conse-
quently, can act only through its officers or agents. Such
officers or agents may bind it while acting within the scope
of their authority, but not beyond. The authority of each
is defined and limited by the constitution of the associa-
tion which is a part of the contract upon which the
plaintiff seeks to recover. He is therefore chargeable with
notice of such limitations and no question of ostensible
authority arises. That the constitution of the association

contemplates that the certificate shall remain in the custody of the subordinate lodge, and not be delivered to the person upon whose application it was issued, clearly appears from the provision which authorizes such lodge to reject the applicant when he offers himself for initiation and requires it, in such case, to return the certificate to the supreme secretary. The duties of the secretary of a subordinate lodge as defined by the constitution are to receive payment of dues, assessments, etc., from members of his lodge, keep the records and perform such other acts as usually pertain to the office of secretary. He is not a general agent with authority to bind the association generally, but a special agent with authority to bind his principal while acting within the scope of his authority as defined by the constitution which, as before stated, is a part of plaintiff's contract. He has no authority to admit members to the order nor to waive any of the requirements for membership. He was a mere custodian of the certificate without authority to deliver it pending plaintiff's initiation. Plaintiff received the certificate with full knowledge of the secretary's lack of authority to deliver it at that time. The delivery of the certificate was not the act of the association or of any one authorized to act for it in that behalf, and therefore lacks an essential element of a waiver.

We come now to the acceptance and retention by the secretary of the subordinate lodge of the dues and assessments paid by plaintiff subsequent to the date of the delivery to him of the certificate. The record does not show that any of these payments were brought to the knowledge of the supreme lodge. It does show that two of them were brought to the notice of the supreme secretary who at once repudiated them on the ground that the plaintiff was not a member of the association. The reception of these payments stand, then, merely as the acts of the secretary of the subordinate lodge. He had authority to receive such payments from members of the association, and while acting within the scope of such authority could bind his

principal. But, having no authority to admit members into the association directly, there is nothing in the nature of his authority to receive payments from actual members. from which authority to confer membership by indirection, or to waive any of the constitutional requirements with respect thereto can be implied. The question of ratification does not arise, because the acts relied upon as a ratification, as well as those claimed to have become binding by such ratification, were the unauthorized acts of the same agent, and it is elementary that an agent cannot ratify his own unauthorized act. A different question might arise, were it shown that these payments had been accepted or retained with the knowledge or consent of the association. But such is not the case. The plaintiff's position, as disclosed by the record, is that of one who has knowingly dealt with an agent acting beyond the scope of his authority, and whose acts were repudiated by the principal as soon as they became known to him. Neither waiver nor estoppel against the principal can be predicated on that state of facts. The decision might be put on the ground that no waiver or estoppel is pleaded by the plaintiff, but, as the case must go back for a new trial, we thought best to discuss what appeared to us the more important features of the case.

It is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.