(119 N. W. 1041.)

---

J. P. LAMB & Co., v. THE MERCHANTS NATIONAL MUTUAL FIRE INSURANCE COMPANY.

Opinion filed December 31, 1908.

Rehearing March 4, 1909.

**Insurance — Mutual Fire Insurance.**

1. The powers of the officers of a domestic mutual fire insurance company are more limited than those possessed by like officers of stock companies.

**Same — Interest and Liability of Policy Holders.**

2. A mutual fire insurance company organized under the laws of this state is an association of individuals to provide mutual relief in case of loss by fire. All policy holders are members, and each one has

the same proportionate interest that every other member possesses, and is liable to the same proportionate extent.

## Same — Rights of Members.

3. The members of a mutual fire insurance company organized under the laws of North Dakota are all entitled to the same treatment, and the officers of such a corporation cannot favor one member at the expense of his fellow members, as this would contravene the principle of mutuality which is at the foundation of mutual insurance.

## Corporations — By-Laws.

4. By-laws of a corporation are laws for the regulation of its officers and the management of its property. They have much the same force and effect as between the members and officers in the conduct of the affairs of the corporation that a public statute has, unless in conflict therewith, and can only be repealed or amended in the manner provided by law.

## Same — Contract — What Constitutes.

5. The statutes under which a domestic mutual fire insurance company is organized, its articles of incorporation or charter, and by-laws all enter into the contract of insurance, and are binding, not only on the organization, but on each member thereof.

## Same.

6. While the officers of a domestic mutual fire insurance company, the by-laws of which are required by law to be adopted by a vote of the members, may waive many irregularities, they have no power to waive any matter of substance contained in such by-laws, and it is accordingly *held,* that the secretary of such a corporation has no power to waive definite terms of its by-laws which provide under what circumstances and for what time credit may be given members for premiums or assessments, or to give such credit in any other manner than that provided by such by-laws.

## Same — Failure to Pay Premium — Suspension of Policy — Effect on Loss.

7. A section of the by-laws of a domestic fire insurance company which was printed upon the policy in suit, provided that, if the premium should remain unpaid for thirty days after the taking effect of the policy, such policy should be and remain suspended until the payment by the policy holder and the receipt and acceptance by the company of such premium, and that during such period the policy should be unenforceable and the company not liable thereon, and that, if it remained suspended for sixty days, it should be canceled without notice. In this case no premium was ever paid, and the policy was canceled as required by such by-laws. *Held,* that the

holder of such policy cannot recover for loss occurring after the expiration of such period and the cancellation of the policy, and before payment of premium.

Appeal from District Court, Nelson county; *Fisk, J.*

Action by J. P. Lamb & Co. against the Merchants' National Mutual Fire Insurance Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals.

Reversed.

*Geo. A. Bangs,* for appellant.

The conditions of standard policies can only be waived as provided therein, Kerr on Insurance, 432; O'Neal v. Am. Fire Ins. Co. 30 Atl. 940; Northern Assurance Co. v. Bldg. Assn. 183 U. S. 308; Enos v. Ins. Co. 8 Pac. 379; Gladding v. Ins. Co. 4 Pac. 764; Couch v. City F. Ins. Co., 38 Conn. 181; Pandor v. Am. Mut. Ins. Co. 12 Cush. 469; Allemania F. Ins. Co. v. Hurd, 37 Mich. 11; Northam v. Duchess C. Mut. Ins. Co. 59 N. E. 912; Hartford Fire Ins. Co. v. Landfare, 88 N. W. 779; Moore v. Hanover Ins. Co., 36 N. E. 191.

Officers of a mutual insurance company can only bind it by its adopted form of policy. May on Insurance, Sec. 146; Evens v. Trimountain Ins. Co., 9 Allen, 329; Brewer v. Company, 14 Gray 203; Belleville Mut. Ins. Co., v. Van Winkle, 12 N. J. Eq. 333.

Obligations of a member of a mutual insurance company are evidenced by its charter, constitution and by-laws. Holland v. Sup. Council 54 N. J. L. 490; Thibert v. Sup. Lodge K. of H., 81 N. W. 220; Am. Ins. Co. v. Henley, 60 Ind. 515; Borgards v. Farmer's Mut. Ins. Co. 44 N. W. 856; Railway P. F. C. Assn. v. Robison, 147 Ill. 138; 22 Cyc. 1414.

Officers of a mutual insurance company cannot waive the provisions of its by-laws adopted for the members's protection. Mulvey v. Shawmut Etc. Ins. Co. 4 Allen 116; Behler v. German Ins. Co. 68 Ind. 354; Wilson v. Conway Ins. Co. 4 R. I. 141; Westchester Ins. Co. v. Earle, 33 Mich. 150; Leonard v. Am. Ins. Co. 97 Ind. 299; Merserau v. Phoenix Mut. Life Ins. Co. 66 N. Y. 274; Miller v. Hillsboro F. Assn. 42 N. J. Eq. 459; Evens v. Trimountain Ins. Co. 9 Allen 329; Starke Co. Mut. Ins. Co. v. Hurd, 19 Ohio 149; Hutchinson v. Western Ins. Co. 21 Mo. 97.

When, by the terms of a policy, it is suspended by failure to pay premiums, non payment of a premium not maturing before a loss, renders the company not liable. Phoenix Ins. Co. v. Bachelder, 49 N. W. 217; Curtin v. Phoenix Ins. Co. 21 Pac. 370; Joliffe v. Madison Mut. Ins. Co. 39 Wis. 111; Gorton v. Dodge Co. Mut. Ins. Co. 39 Wis. 121; Wall v. Ins. Co. 36 N. Y. 157; Williams v. Ins. Co. 19 Mich. 457.

Unless premiums are paid according to the policy it is suspended. Iowa Life Ins. Co. v. Lewis, 187 U. S. 335; Williams v. A. P. C. Ins. Co. 19 Mich. 451; Atty Gen. v. Cont. L. Ins. Co. 93 N. Y. 70; Robertson v. Mut. Ins. Co. 88 N. Y. 541; Cont Ins Co. v. Dorman, 125 Ind. 189; Cayford v. Met. Life Ins. Co. 78 Pac. 258; Gorton v. Ins Co., supra.

The requirements of a statute can be waived only as provided therein. Straker v. Phoenix Ins. Co., 77 N. W. 752; O'Neil v. Am. F. Ins. Co., 166 Pa. St. 72; Anderson v. Manchester Fire Assur. Co., 59 Minn. 182; Union Centr. L. Ins. Co. v. Polard, 94 Va. 146; Hermony v. Fid. M. L. Assn. 151 Pa. St. 17; Temple v. Niagara F. Ins. Co. 85 N. W. 361; Clevenger v. Ins. Co. 2 Dak. 114, 3 N. W. 313; Fid. Life Assn. v. Ficland, 74 Md. 172; Queen Ins. Co. v. Leslie, 47 Ohio St. 409; White v. Prov. S. Assn., 163 Mass. 108; Bourgeois v. Ins. Co. 57 N. W. 347.

*Frich & Kelly,* for respondent.

Waivers and estoppels are binding in mutual as well as nonmutual companies. Prat v. Dwelling House Mut. Ins. Co. 29 N. E. 117; Laclede F. I. Co. v. Ormsby, 72 S. W. 139; Russel v. Ins. Co., 45 N. W. 356; McBride v. Ins. Co., 33 S. E. 729; Philbrook v. Ins. Co., 37 Me. 137; Watts v. Assn. 82 N. W. 441; Kansel v. Ins. Co. 16 N. W. 430; Pino v. Ins. Co., 92 Am. Dec. 529; Elkins v. Ins. Co., 6 Atl. 224; Pottsville Ins. Co. v. Minnequa Imp. Co., 100 Pa. St. 137.

Unconditional delivery of policy is a waiver of the advance payment clause. Corson v. Mut. I. Co., 85 N. W. 806; Phoenix Ins. Co. v. Hart, 36 N. E. 990; Proebstel v. Ins. Co. 45 Pac. 308; Arnold v. Ins. Co. 84 Pac. 182; Brown v. Ins. Co., 38 N. W. 135; Ins. Co. v. Gilman, 13 N. E. 118; State Ins. Co. v. Hale, 95 N. W. 473; Farnum v. Ins. Co., 23 Pac. 869.

Demand of premium may amount to waiver. Farmers Mut. Assn. v. Koontz, 30 N. E. 145; Farmers Union Assur. Co., v.

Wilder, 53 N. W. 587; Olmstead v. Farmers Mut. I. Co., 15 N. W. 82; 19 Cyc. 796.

So demand of proofs of loss. Fidelity Mut. Ins. Co. v. Murphy, 95 N. W. 702; Smith v. Ins. Co., 3 Dak. 80, 13 N. W. 355; 19 Cyc. 801.

SPALDING, J.    This is an appeal from a judgment in favor of the plaintiff in an action on a fire insurance policy issued by appellant on a stock of merchandise and from an order denying a motion for a new trial.

It is not necessary to quote the pleadings. The principal issue was as to certain acts of appellant's secretary constituting a waiver or estoppel in favor of respondent, who had not paid any part of the premium due on the policy. The facts referred to consisted in sending respondent the renewal policy in suit without an application, giving it notice that $13.60 was due it on a policy for the same amount on the same property, which was about to expire, with a notice that $20.40 more would pay the premium on the new policy, and about four months later sending it notes to execute for the premium which remained unpaid and about five weeks after the fire which destroyed the property insured answering letters from respondent and not expressly denying liability, and sending it a blank proof of loss. Appellant is a domestic fire insurance company organized under the laws of this state providing for the organization of such companies. It has no capital stock. Policies are issued to members, and each holder is a member and entitled to vote at the annual and other meetings of the corporation. It conducts its business under by-laws adopted by the members in accordance with the provisions of section 4201, Rev. Codes 1905. Section 2 of article 8 of the by-laws of appellant reads as follows: "If the premium of any policy issued by this company shall remain unpaid for thirty days after such policy takes effect, such policy shall be and remain suspended until the payment of the policy holder and the receipt and acceptance by the company of such premium. During the period of such suspension aforesaid, such policy shall be unenforceable against the company and the company shall not be liable thereon under the terms thereof or otherwise. If such policy remains suspended for sixty days it shall be cancelled without notice to the insured and the premiums on the same charged at the short rate for the thirty days during which such policy was in

—17—

force. The sending of any statement due on the policy shall not constitute a waiver of any of the rights of the company or of the conditions of the policy or clauses thereto annexed and shall not be considered in any manner as the giving of credit to the insured. On request of the policy holder in writing the secretary may extend the time of payment of the premium, provided such extension is in writing and signed by the secretary. During the period in which any policy is suspended as aforesaid the receipt by the company of the premium from the insured shall not reinstate such policy or be binding upon the company unless such premium has been fully accepted and acknowledged by the company before any injury or damage occurs to the property covered by and included in such policy." The trial court found that the acts referred to above constituted a waiver by appellant which entitled respondent to recover on the policy. We shall not consider the sufficiency of these acts to constitute a waiver, if a waiver of that nature were possible. Neither shall we determine the constitutionality or unconsitutionality of the standard policy law of this state which is suggested. We are satisfied that in the proceedings in the trial court there was a failure to distinguish between the powers of officers of stock and those of mutual companies. The books contain many cases in which the attention of the courts has not been directed to this distinction. A mutual insurance company organized under the laws of this state is an association of individuals organized to provide mutual relief for loss suffered. Its members all pay the same premiums or assessments for the same protection, and, when the policy expires, receive the same percentage or pro rata share of any net profits or surplus after complying with the statute providing for a reserve fund. Sections 4441, 4442, Rev. Codes 1905. Their minimum contingent liability is fixed by section 4440, Rev. Codes 1905, and the by-laws they adopt. Each member has the same proportionate interest in the surplus that every other member possesses and is liable to the same proportionate extent. All are entitled to the same treatment in matters relating to premiums, assessments, surplus, losses and liabilities. If one is favored in these respects by the officers or agents of the corporation, it is at the expense of his fellow members, and contravenes the principle of mutuality, which is the corner stone of the system of mutual insurance. Officers of stock companies may deal with its policy holders (who do not by virtue of being so become members

or stockholders) with a far wider range of discretion than those of mutual companies, and conversely the company may be liable for acts of officers and agents, which, if done by those representing the members and governed by by-laws of a mutual company, would not bind or render liable their principal. May on Insurance, at section 146, says: "Mutual insurance, it is truly observed, is essentially different from stock insurance, and much of the litigation that has grown out of this species of insurance has been owing to inattention to this difference. Its original design was to provide cheap insurance by means of local associations, the members of which should insure each other. Such associations are in their nature adapted only to local business. They need many by-laws and conditions that are not required in stock companies; and it is necessary and equitable that each person who gets insured in them should become subject to the same obligations towards his associates that he requires toward himself. If the officers have discretionary power as to the terms of the contract, or even as to its form, it is obvious that different parties may become members upon different terms and conditions, and thus the principle of mutuality will be completely abrogated. When the company have once determined the forms in which their policies shall be made, and the conditions upon which they are willing to contract, it is nothing less than a violation of duty for the officers to undertake to bind the companies they represent by other and inconsistent contracts, patrol or otherwise." Baxter v. Chelsea Mutual Fire Ins. Co., 1 Allen (Mass.) 294, 79 Am. Dec. 730. There is also a distinction between the powers of officers of those mutual companies whose by-laws are enacted by directors as in New York, and those governed by by-laws made by the members themselves, as in this state. In those of the first class, courts hold acts of officers or agents as a waiver or estoppel which are not held to be so as against the latter class. Pratt v. Dwelling House Mutual Fire Insurance Company, 130 N. Y. 206, 29 N. E. 117. The by-laws of a corporation are the laws for the regulation of its affairs and the management of its property. They have much the same force and effect when applied to its members and officers in the conduct of the affairs of the corporation that a public statute has. They can only be repealed or amended in the manner provided by statute, which in this state in a corporation like the appellant is by vote of the members or, and only, by directors when the power to do so has been delegated to them by the same proportion of members

as may make amendments themselves. Sections 4201, 4204, Rev. Codes 1905. The statutes under which it is organized, the articles of incorporation or charter, and the by-laws of a domestic mutual fire insurance company all enter into the contract of insurance, and are binding not only on the organization, but on each member thereof. Montgomery v. Whitbeck, 12 N. D. 385, 96 N. W. 327; Kerr on Insurance, § 59; 1 Joyce on Insurance, § 318; Miller v. Hillsborough Fire Ins. Ass'n, 42 N. J. Eq. 459; 7 Atl. 895; 1 Beach Law of Insurance, Sec. 109; 10 Cyc. 352, and cases cited in note 55; Leonard v. American Insurance Company, 97 Ind. 299. Many authorities hold that the officers of a mutual insurance company may waive provisions in the by-laws which are not of the substance; that they may waive many irregularities and even waive the proof of loss, and irregularities in the form of the proof. We find no authorities, however, to the effect that, where the members of a corporation themselves adopt the by-laws and a vote of the members is required to repeal or amend them, any officer of the corporation may waive any matter of substance contained in such by-laws, unless authorized to do so by a resolution or vote of the members. This principle is reasonable, and its enforcement is necessary to the carrying out of the objects of a mutual company. It is simply a recognition of the well-established general principle that it requires action by the same authority to undo a thing which did or had the power to do it originally. Only those who can make are empowered to unmake. If even the president of a mutual corporation can waive compliance with one substantial requirement of the by-laws in dealing with one member of the corporation, he can waive compliance with some other requirement by another member. He could permit one member to be insured for a less premium than would be required of another member under the same circumstances, or he could credit one member a larger pecentage of the net surplus than is given to other members, and the element of mutuality would be wholly eliminated.

In the case at bar the provision quoted was not only a by-law of the company, with which as we have seen the respondent was charged with notice, but it was printed upon the policy, and attached to the policy was a notice calling respondent's attention to the by-laws and another notice informing it that it was a member of the corporation, and giving the date of its annual meeting, and notify-

ing it that it could vote thereat. This by-law fixed the powers of officers in extending credit to members under the circumstances which surrounded the issuance and delivery of the policy involved. The credit was in plain terms limited to 30 days (with one exception which has no application in this case), and respondent was further notified that, if the premium was not paid at the end of that time, the policy would be suspended and in 60 days cancelled. If the secretary could waive these provisions of the by-laws, it would, in effect, be an amendment or repeal of such by-laws in a manner differing from the method provided thereby and by statute.

We find this principle most fully set forth in the reports of the Supreme Judicial Court of Massachusetts, a state which has long been recognized as not only far in the lead on the subject of equitable and just insurance laws, but the decisions of whose courts are unusually harmonious on the subject of insurance. Brewer v. Chelsea Mutual Fire Insurance Co., 14 Gray (Mass.) 203; Evans v. Tri Mountain Mutual Fire Ins. Co., 9 Allen (Mass.) 329; Mulrey v. Shawmut Mutual Fire Ins. Co., 4 Allen (Mass.) 116, 81 Am. Dec. 689; McCoy v. R. C. Mut. Ins. Co., 152 Mass. 272, 25 N. E. 289. See, also, Stark County Mutual Fire Ins. Co. v. Hurd, 19 Ohio, 149; Leonard v. American Insurance Co., supra; Bosworth v. Western Mut. Aid Soc., 75 Iowa, 582, 39 N. W. 903; M. W. A. v. Tevis et al, 117 Fed. 369, 54 C. C. A. 293. In Brewer v. Ins. Co., supra, Mr. Justice Bigelow, in delivering the opinion of the court, says: "By the twentieth article of the by-laws of the corporation by which the rights of parties under the contract are regulated, it is provided that before the policy shall be delivered the assured shall pay such premium, and give such deposit note as the president and directors shall determine. The effect of this stipulation was that the contract of insurance should not be completed nor the policy take effect until such premium was paid and such note given. It is admitted in the present case that the assured had not complied with this by-law. The plaintiff, however, seeks to avoid the effect of such noncompliance, and to maintain the policy as a valid contract, on the ground that this stipulation in the by-laws for payment of the premium had been waived by the officers of the company. On looking into the evidence, which is fully reported in the exceptions, it does not appear that there was any proof of waiver by the corporation. The case, therefore, comes directly within the recent decision of this court in Hale v. Mechanic's Mutual Fire Insurance Co., 6 Gray,

109, 66 Am. Dec. 410. The president, secretary, and board of directors were all special agents with limited powers, and no authority to dispense with the by-laws. Those could be changed only in pursuance of the twenty-second article at an annual meeting, or at a legal meeting of the company called for that purpose, by a vote of a majority of the members present. * * * But such decisions do not apply in a case like the present, where the policy is issued by a company established on the mutual principle, in which the by-laws are made to fix and regulate, by the same stipulations in every policy, the rights of all the assured alike, and the assured are themselves members of the company, and as such have notice of every provision contained in their by-laws." By-laws of this kind are self-executing. Maginnis Est. v. N. O. & C. M. Ass'n 43 La. Ann. 1136, 10 South. 180; Yoe v. M. B. Ass'n, 63 Md. 86; Rood v. Ry. & C. Ass'n (C. C.) 31 Fed. 62.

Some contention is made by the respondent that inasmuch as there was due it from the company $13.60 as its share of the net receipts for the preceding year on the policy it then carried, and because the company sent it a statement showing this amount due and the balance necessary to pay the premium on the policy in suit, this share of the net earnings should be applied on the premium due to carry the policy as far as it would pay for it at a pro rata rate. We cannot agree with this contention. The notice sent respondent was simply for the purpose of informing it that the old policy had earned $13.60, and that, on its remitting $20.40 in addition, the new policy would be carried for one year. Respondent never offered to pay the balance, and on one occasion refused to retain the policy. This identical question was considered in Hollister v. Mutual Fire Ins. Co., 118 Mass. 478, where it is held that, if a by-law of a mutual fire insurance company provides that any risk insured shall be suspended unless an assessment is paid within a certain time, it is not a valid excuse on the part of a member for a neglect to pay the assessment that the company owes him a less sum if he does not offer to pay the balance. This, however, is immaterial in the case at bar, for the reason that the trial court found that the surplus mentioned should be applied at short rates in payment of the policy, and because, if so applied, it would not carry the policy to the date of the fire. We must hold that the secretary had no power to waive the by-law quoted under the facts disclosed by the evidence in this case. We have arrived at this conclusion without reference

to the requirements of section 4440, Rev. Codes 1905, to which our attention has been called. It reads: "Mutual insurance companies shall charge and collect upon their policies the full mutual premium in cash or notes absolutely payable and may in their by-laws fix the contingent mutual liability of its members for the payment of losses and expenses not provided for by their cash funds; provided that such contingent liability of a member shall not be less than a sum equal to and in addition to the cash premium written in the policy. The total amount of the liability of a policy holder shall be plainly and legibly stated upon the back of such policy."

It might be contended with considerable force that an affirmance of the judgment in this case would be sustaining a direct violation of such statute. Indeed, some remarks contained in Montgomery v. Harker, 9 N. D. 527, 48 N. W. 369 referring to this identical section and others, appear pertinent. They read: "The language of the section just quoted is unambiguous, and plainly requires a corporation to charge and collect a fixed premium from each of its members. This may be cash in advance or a note payable absolutely. But it is an absolute and unconditional payment; a premium in fact, and is to be written in the policy. The funds derived from such premium constitute a cash fund subject to be used for the payment of losses and expenses." And in Montgomery v. Whitbeck, supra: "The law, a part of this contract, required that the amount of the cash premium accepted should be written in the policy; that the company should charge and collect upon the policies the full mutual premium in cash or in notes absolutely payable. None of these requirements made prerequisite to a valid insurance contract was observed in this case. The note given was payable only upon the contingency of a loss and assessment.* * * These requirements were ignored. No cash fund could be obtained for the payment of expenses or losses under the form of contracts admitted until assessments could be made and collected. No valid consideration was given for the insurance contract. The policy of the law would be frustrated if this invasion of its mandate could be tolerated. This policy was and is void." It may be inquired whether, if giving a note with the amount payable left in uncertainty avoided the policy by reason of a conflict with the statute providing for a fund out of which to pay losses and expenses, instead of a note absolutely payable, why the failure to pay cash or to give any note whatever should not equally avoid the policy. Quoting further from the

opinion in that case: "Every member of this corporation was a party to these contracts, individually as the assured and collectively as the corporation. As parties to the contract with the corporation, they were severally in pari delicto. No estoppel operates either in favor of or against any of them, because there is nothing upon which it can be built." But we do not find it necessary to pass upon this feature of the case.

The judgment is reversed. All concur.

Hon C. J. Fisk, J., being disqualified, Hon. Chas. A. Pollock, Judge of the Third Judicial District, sat in his stead.

## On Rehearing.

SPALDING, J. Counsel for respondent submit a petition asking a rehearing. They insist that the original opinion of this court indicates that certain controlling facts and authorities were overlooked. The petition is not framed in the spirit that we would expect to see exhibited by counsel of the high reputation for fairness which those signing it possess or should exhibit toward the court, and is not altogether entitled to the consideration which we give it. It seems also to rest upon a misconstruction of what we held to be the law applicable in the premises. We did not attempt to decide that the acts of appellant might not in some cases, or if done by officers of a stock company, constitute a waiver, although there is a vast number of authorities, we think, a very large preponderance of them, holding similar acts no waiver. Counsel assume that the delivery of the policy to respondent was unconditional. This is not the fact. The conditions on which it was delivered were plainly stated on the policy, and were a part of the by-laws of which respondent had notice as a member of the company, and by which it was bound. Farmers' Mutual Insurance Company v. Kinney, 64 Neb. 808, 90 N. W. 926; Corey v. Sherman, 96 Iowa, 114, 64 N. W. 828, 32 L. R. A. 514; Brown v. Stoerkel, 74 Mich, 269, 41 N. W. 921, 3 L. R. A. 430; 74 Mich, 269, 41 N. W. 921, 3 L. R. A. 430; 7 Current Law, 1784. This by-law gave credit for 30 days. Afterwards, if the premium was still unpaid, the policy was suspended and in 60 days cancelled. The cancellation took place before the loss occurred and the premium was never paid. The policy and by-laws were actual notice of these conditions, and, as stated in the original opinion, were self-executing. 7. Cur.

Law, 1793, note 20; Lehman v. Clark, 174 Ill. 279, 51 N. E. 222, 43 L. R. A. 648. Had the insured paid the premium after default, and had it been accepted by the insurer, pursuant to a usage or custom which had become established either in its dealings with the respondent or generally, a different question would be presented, but, as we show in the original opinion, no part of the premium was accepted or retained, or even offered.

While we rested our decision upon the broad ground that the secretary cannot, under the laws which govern him, waive the conditions prescribed by such laws, respondent still argues that the waiver did take place. It must be borne in mind, as before stated, that this is a purely mutual company. It has no capital stock, and must depend solely upon the payment of premiums and the additional liability imposed upon its members by statute to enable it to pay losses. If its secretary can extend ambiguous or unlimited credit to one member, contrary to the terms of the agreement entered into through its by-laws by its members, of which respondent was one, he can do so with all members, and it would be wholly devoid of power to meet losses as they might occur. The same effect would follow, and the same law apply, as though it was an assessment company. It is said in National Masonic Accident Association v. Burr, 44 Neb. 256, 62 N. W. 466: "A member who fails to pay his assessment when due, though he may afterwards pay it, and his rights as a member be reinstated from the time of making such payment, has no cause to complain because his rights as a member and his claims against the association are not made to date back so as to cover any injury he may have received during the time of his default, for this is his express contract, and it is a reasonable one." The law of this state provides that mutual companies shall make collections in the shape of premiums, payable in advance, to enable them to meet losses. The premiums are fixed at figures which it is supposed will admit of all losses being paid therefrom, but, in case of a miscalculation or an emergency, an additional liability is placed upon members. Upon the other hand, if, at the end of the year, it is found that the members have overpaid, they are entitled to a return of the surplus. If losses are paid outside of reasonable limits, necessary to permit the transaction of business, without the payment of any premiums, it could only be by taking money with which to do so from the surplus in the hands of the company belonging to other members, or from the

small percentage required as a reserve. The latter would soon be exhausted, and thus compel assessments to make up the deficiency or force a suspension, or both. Still further, the policy had ceased to exist by its terms and those of the by-laws of the company. For this reason, it is clear that the same principle does not apply that would be applicable had the policy still been in force. No contract was in existence. Can it be contended that by replying to letters of the respondent, or even by sending it a blank proof of loss, a new contract was entered into? It is not a question of waiving a mere suspension, but one of making a wholly new contract, and it requires an express agreement to do this. The doctrine of waiver is not applicable. The insurer had received no benefits under the policy, and, there being no policy in effect, no forfeiture in a legal sense occurred. It is held in Equitable Life Assur. Society v. McElroy et. al., 83 Fed. 631, 28 C. C. A. 365, that, where a life insurance policy has become void, it cannot be revived without a new contract between the parties. See, also, Diehl v. Adams County Mutual Insurance Company, 58 Pa. 443, 98 Am. Dec. 302; Beatty v. Lycoming County Insurance Company, 66 Pa. 9, 5 Am. Rep. 318. It is immaterial whether notice of suspension, cancellation, and demand for payment were sent and received prior to loss, though the proof strongly tends to show that some of these things were done. The by-laws of the policy were notice of what would happen, and the sending of a notice that payment might still be made during the period of suspension could be no waiver, and it was so stated in the by-laws.

It is insisted that we assume the constitutionality of the standard policy law, and that the terms of the standard policy are in conflict with the by-law quoted. If the standard policy law is unconstitutional, the by-law is certainly effective. If valid, the standard form of policy expressly makes the by-laws of mutual companies a part of their policies. Section 5951, Rev. Codes 1905, only applies where a note or obligation is given for the whole or a part of the premium, and has no bearing on this case. Neither have the provisions of section 4446. It is urged that the principle which this court holds controlling was not insisted upon in the lower court, and was but faintly touched upon in appellant's brief. On the contrary, its discussion occupies a very considerable part of the brief submitted by appellant, and respondent answers it in his brief, and states that all matters were more or less fully argued and considered in the

trial court. We might add that, in view of the persistency and earn-estness with which respondent urges its claims to a rehearing, we have most carefully reviewed the authorities, and that the reasons stated in the original opinion in support of our decision have ample support, not only by the overwhelming weight of authority where the question has been raised, but by reason as well. One point was, however, not referred to which we deem it advisable to mention at this time. The policy contained a provision reading as follows: "No offcer, agent, or other representative of this company shall have power to waive any provision or condition of this policy, except such as, by the terms of this policy, may be indorsed hereon or added hereto, and as to such provisions and conditions, no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy, exist or be claimed by the insured, unless so written or attached." The author-ities on similar provisions are in hopeless conflict, but the Supreme Court of the United States in 1901 had this identical provision under consideration in Northern Assurance Company of London v. Grand Building Association, 183 U. S. 308, 22 Sup Ct. 133, 46 L. Ed. 213, and, after an exhaustive review of the conflicting author-ities, sustained the provision in question as against the contention that it could be waived in some manner other than in writing in-dorsed on the policy. The opinion in that case is most instructive, as is also that in Modern Woodmen of America v. Tevis et al., 117 Fed. 369, 54 C. C. A. 293, in which the opinion of the Circuit Court of appeals of the Eighth Circuit was delivered by Judge Sanborn. We append a list of a few authorities bearing directly or indirectly on the questions involved in the case at bar, several of which are to the effect that acts of agents and officers or insurance companies similar to those urged as constituting a waiver in the case at bar do not create a waiver of the terms of the policy: Driscoll v. Modern Brotherhood of America, 77 Neb. 282, 109 N. W. 158; Farmers' Mutual Insurance Company v. Kinney, 64 Neb. 808, 90 N. W. 926; National Masonic Accident Association v. Burr, 44 Neb. 256, 62 N. W. 466; Kocher v. Supreme Council Ben Legion, 65 N. J. Law, 649, 48 Atl. 544, 52 L. R. A. 861, 86 Am. St. Rep. 687; Borgraefe v. Sup. L. & C. of Honor, 22 Mo. App. 127; Burdon v. Mass. & C. Ass'n, 147 Mass. 360, 17 N. E. 874, 1 L. R. A. 146; Garlick v.

Miss. Valley Ins. Co., 44 Iowa, 553; Morrow v. Des Moines Ins. Co., 84 Iowa, 256, 51 N. W. 3; Ware v. Insurance Co., 45 N. J. Law, 177; Carlson v. Supreme Council A. L. of H., 115 Cal. 466, 47 Pac. 375, 35 L. R. A. 643; McCullough et al. v. Home Ins Co., 118 Tenn. 263, 100 S. W. 104; Lyon v. Supreme Assembly of the Royal Society of Good Fellows, 153 Mass. 83, 26 N. E. 236; Boyd v. Insurance Company, 90 Tenn. 212, 16 S. W. 470, 25 Am. St. Rep. 676; Van Buren v. St. Joseph County Village Fire Ins. Co., 28 Mich. 398; Hughes v. Wisconsin Odd Fellows Mutual Life Ins. Co., 98 Wis. 292, 73 N. W. 1015.

The petition is denied. All concur.