# NELS BERGLUND v. STATE FARMERS' MUTUAL HAIL INSURANCE COMPANY OF WASECA, MINNESOTA, a Foreign Corporation.

### (142 N. W. 941.)

Judgment was awarded on plaintiff's motion for judgment on the pleadings for want of a defense for the full amount of loss to growing crops sustained by hail, as adjusted by defendant company, and from the judgment so ordered defendant appeals. The answer alleges plaintiff's interest in the crop insured was not to exceed a one-half interest therein. *Held:*

**Insurance — crops — interest — recovery — judgment— motion for.**

1. Plaintiff's recovery cannot exceed his insurable interest in said crop, which under the answer, for the purposes of the motion, must be taken as a one-half interest only, and judgment was therefore entered ·for double the amount to which plaintiff was entitled.

**Motion for judgment on pleadings — ruling — supreme court — final judgment — insurable interest.**

2. This court will not, in reviewing this ruling on motion for judgment on the pleadings, direct the entry of a final judgment, as on the merits plaintiff may be able to establish a full insurable interest and a right to recover the full amount of the policy. The case is remanded for trial or further proceedings.

Opinion filed July 14, 1913.

From an order of the District Court for Ward County, *Leighton,* J., defendant appeals.

Reversed.

*Turner & Murphy (Edward Engerud* of counsel), for appellant.

The function of a motion for judgment on the pleadings is substantially the same as that of a demurrer. 23 Cyc. 769; Botto v. Vandament, 67 Cal. 332, 7 Pac. 753; Finley v. Tucson, 7 Ariz. 108, 60 Pac. 872.

Judgment on the pleadings cannot be given where defendant pleads a substantial and issuable defense. 23 Cyc. 769; Parker v. Des Moines Life Asso. 108 Iowa, 117, 78 N. W. 826; Lewis v. Foard, 112 N. C. 402, 17 S. E. 9; Alspaugh v. Reid, 6 Idaho, 223, 55 Pac. 300; Prost v. More, 40 Cal. 347.

Party must be given opportunity to request leave to amend, and to amend his pleading. Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1003; Webb v. Wegley, 19 N. D. 606, 125 N. W. 562.

The breach or violation of any of the material and reasonable contract conditions, on the part of the insured, avoids the policy. Rev. Codes 1905, § 5960; Peet v. Dakota F. & M. Ins. Co. 7 S. D. 410, 64 N. W. 206.

Application for insurance, and statements therein made, are for the information and benefit of the company; and provisions that if any material statements are false the policy will be avoided, are reasonable conditions. Deming Invest. Co. v. Shawnee F. Ins. Co. 16 Okla. 1, 4 L.R.A.(N.S.) 607, 83 Pac. 918.

Plaintiff having been guilty of concealment and breach of warranty, the contract of insurance was broken in its inception. Rev. Codes 1905, §§ 5913–5917; Johnson v. Phœnix Ins. Co. 1 Wash. C. C. 378, Fed. Cas. No. 7,405; Marshall v. Union Ins. Co. 2 Wash. C. C. 357, Fed. Cas. No. 9,133; Moses v. Delaware Ins. Co. 1 Wash. C. C. 385, Fed. Cas. No. 9,872; Ocean Ins. Co. v. Sun Mut. Ins. Co. 8 Ben. 272, Fed. Cas. No. 10,407, affirmed in 107 U. S. 485, 27 L. ed. 337, 1 Sup. Ct. Rep. 582; Vale v. Phœnix Ins. Co. 1 Wash. C. C. 283, Fed. Cas. No. 16,811; Hardman v. Firemen's Ins. Co. (C. C.) 20 Fed. 594; Hamblet v. City Ins. Co. (D. C.) 36 Fed. 118; Columbia Ins. Co. v. Lawrence, 10 Pet. 507, 9 L. ed. 512; Hamburg-Bremen F. Ins. Co. v. Lewis, 4 App. D. C. 66; Hart v. British F. & M. Ins. Co. 80 Cal. 440, 22 Pac. 302; McCormick v. Orient Ins. Co. 86 Cal. 260, 24 Pac. 1003; Merchants' Ins. Co. v. Paige, 60 Ill. 448; Baldwin v. German Ins. Co. 105 Iowa, 379, 75 N. W. 326; Graham v. General Mut. Ins. Co. 6 La. Ann. 432; Oliver v. Greene, 3 Mass. 133, 3 Am. Dec. 96; Hoyt v. Gilman, 8 Mass. 336; Dickenson v. Commercial Ins. Co. Anthon, N. P. 92; Ely v. Hallett, 2 Caines, 57; New York Bowery F. Ins. Co. v. New York F. Ins. Co. 17 Wend. 359; Clarkson v. Western Assur. Co. 33 App. Div. 23, 52 N. Y. Supp. 508; Wilson v. Herkimer County Mut. Ins. Co. 6 N. Y. 53; Smith v. Columbia Ins. Co. 17 Pa. 253, 55 Am. Dec. 546; Fluch v. Lehigh Valley Ins. Co. 3 W. N. C. 433.

Material concealments or representations. Ely v. Hallett, 2 Caines, 57; Cooley, Ins. p. 1327; Columbia Ins. Co. v. Lawrence, 2 Pet. 25,

25 L. ed. 512; Capital City Ins. Co. v. Caldwell Bros. 95 Ala. 77, 10 So. 355; Germier v. Springfield F. & M. Ins. Co. 109 La. 341, 33 So. 361; Abbott v. Shawmut F. Ins. Co. 3 Allen, 213; Holloway v. Dwelling-House Ins. Co. 48 Mo. App. 1; Shoup v. Dwelling-House F. Ins. Co. 51 Mo. App. 286; Pierce v. Empire Ins. Co. 62 Barb. 636; Birmingham v. Empire Ins. Co. 42 Barb. 457; Phillips v. Knox County Mut. Ins. Co. 20 Ohio, 174; Columbia Ins. Co. v. Lawrence, 10 Pet. 507, 9 L. ed. 512; Planters' Mut. Ins. Co. v. Lloyd, 67 Ark. 590, 77 Am. St. Rep. 139, 56 S. W. 46.

Fraud vitiates all contracts. Rev. Codes 1905, §§ 5921–5956; Gettelman v. Commercial Union Assur. Co. 97 Wis. 237, 72 N. W. 627; Moore v. Virginia F. & M. Ins. Co. 28 Gratt. 508, 26 Am. Rep. 373; Welsh v. Union Cent. L. Ins. Co. 108 Iowa, 224, 50 L.R.A. 774, 78 N. W. 853; Firemans' Fund Ins. Co. v. Barker, 6 Colo. App. 535, 41 Pac. 513; Mathews v. German Mut. Ins. Co. 9 La. Ann. 590; American Ins. Co. v. Barnett, 73 Mo. 364, 39 Am. Rep. 517; Remington v. Westchester F. Ins. Co. 14 R. I. 245; Cooley, Ins. p. 3588.

*Noble, Blood,* and *Adamson,* for respondent.

An action cannot be maintained by reason of fraud, unless the plaintiff can show that he has sustained loss or damage. 14 Am. & Eng. Enc. Law, 146; Thomas v. Dickinson, 65 Hun, 5, 19 N. Y. Supp. 600.

Misrepresentations by the insured must be made with actual intent to deceive, or to increase the risk of loss, to become material. Soules v. Brotherhood, A. Y. 19 N. D. 23, 120 N. W. 760; Rev. Codes 1905, Sec. 5934.

Plaintiff had an insurable interest in the property. Waterbury v. Dakota F. & M. Ins. Co. 6 Dak. 468, 43 N. W. 697.

Goss, J. This is an appeal from a judgment entered upon plaintiff's motion for judgment on the pleadings, on the ground that the answer failed to state or shadow forth a defense. The complaint recites that defendant insurance company issued to plaintiff a hail insurance policy, indemnifying him in the sum of $2,340, against loss by hail to the crop on certain land. That in July, 1910, a loss by hail occurred, by which damage to said crops in the sum of $1,500 was suffered by plaintiff. Three weeks later, defendant made an adjustment of said loss

at $1,500, and by said adjustment the defendant agreed to pay plaintiff therefor the sum of $1,500. That defendant has refused to pay the same or any part thereof; that plaintiff is the owner of said unpaid claim, and demands judgment for said sum of $1,500, with interest from July 21, 1910.

Defendant answers, admitting the issuance and delivery of the policy upon the crop, and alleges that without knowledge of the falsity of any statements made in the application for insurance it adjusted the loss at the sum of $1,500. That in the application for insurance were contained certain warranties which entered into and became a part of the policy of insurance thereafter delivered, the falsity of which avoids the policy, and rendered the contract of insurance void from its inception. The material parts of the application of plaintiff for insurance, aside from the description of the land and crop thereon, date of commencement, and termination of the policy, read as follows:

"I hereby certify that I am over twenty-one years of age and that I have a full interest in the crops above described. I further direct that, in the event of loss, insurance shall be payable to myself. . . . I guarantee the correctness of the above descriptions, and that all statements herein are true; and agree that any misrepresentations I make herein for the purpose of obtaining credit shall constitute and be an absolute bar to recovery for any loss that may be sustained under the policy issued by said company upon this application and contract. . . . For the purpose of obtaining credit I hereby certify that I am the owner of 160 acres of the above-described land, clear of encumbrances, except $1,200, and that I own personal property, exclusive of growing crops, worth $1,500, above encumbrances thereon and all exemptions." Two hundred and thirty-four acres of growing crop, upon 960 acres of land, is insured for the aggregate amount of $2,340, or $10 per acre for growing crops.

The answer also recites that after adjustment of said loss it discovered that the statements concerning the ownership of the crop and the financial or property interest of the defendant, made in the statements above quoted from the application for insurance, were wholly false in that "the plaintiff had only a partial interest, to wit, not to exceed a half interest in the crop raised upon the lands described in said application; that plaintiff was not the owner of 160 acres of land,

or any other amount of land whatever; and that the plaintiff was not the owner of $1,500 worth of personal property, exclusive of growing crops, and worth the sum of $1,500 above encumbrances thereon and exemptions allowed by law. That plaintiff was wholly insolvent; that he owned no real estate whatever, and that he had no personal property exceeding that exempt by law in the sum of $1,500. That the application for insurance, containing the warranties aforesaid, was received by the company at its office in Waseca, Minnesota; and that relying upon the representations and warranties contained in said application, and not otherwise, it was induced to and did deliver to plaintiff the policy of insurance. That said application was made and transmitted to the defendant by the plaintiff for the fraudulent purpose of inducing defendant to extend him the credit for the premium on said policy, and with the fraudulent purpose and intent to procure from the defendant a policy of insurance on property not owned by said plaintiff. That relying upon said application and the statements and warranties therein contained, defendant was induced to and did extend the credit for the premium to said plaintiff, and by reason thereof, and not otherwise, executed and delivered said policy of insurance to the plaintiff. That this defendant was induced to issue said policy by reason of the false and fraudulent representations and warranties so made to it by the plaintiff, and not otherwise, and had defendant known of the false character of the statements and warranties in said application, it would not have issued said policy. Such matters were learned by it after its adjustment of the loss, which adjustment had been made by defendant, relying wholly upon the representations and warranties made in the application and in the notice of loss. That in and by the terms and conditions of said policy the application therefor was made a part of said policy, and became and was a part of said policy at all times. And defendant asks that the policy be canceled and declared void and the action dismissed. Judgment for the full amount sued for was ordered and entered upon plaintiff's motion, the court adjudging that the answer did not, and the facts therein recited could not, constitute a defense in whole or in part. From the entry of judgment upon this motion defendant appeals.

Only one question presented is necessary to decide. Under the statement of the answer, uncontroverted by the complaint, that defendant

"had only a partial interest, to wit, not to exceed a one-half interest in the crops raised upon the lands described in said application," if true, as must be assumed for the purpose of passing upon this motion (Northern P. R. Co. v. Benson, 4 N. D. 506, 61 N. W. 1035; Storey v. Murphy, 9 N. D. 115, 81 N. W. 23) is plaintiff entitled to recover the full amount of $1,500, adjusted as the entire loss suffered to said crops covered by the policy? Other questions are raised that would be necessary to decide if this case were submitted upon the merits upon proven or stipulated facts, instead of upon plaintiff's motion for judgment assailing the answer. If the answer shadows forth a defense in whole or in part, the awarding of judgment upon the motion was error; and the answer must be construed liberally. Yerkes v. Crum, 2 N. D. 72, 49 N. W. 422. Every reasonable intendment or inference is to be taken in its favor. So construed it pleads that defendant was but the one-half owner of the crops insured, while he represented in the application for insurance that he possessed the entire ownership thereof. A one-half interest would clothe him with an insurable interest to that extent, and we may assume that the policy is enforceable, in spite of all the misrepresentations made, whether, accidentally, innocently, or intended, known or unknown to the insured. But the amount of recovery must be fixed by the measure of his insurable interest in the property, which must be taken as a one-half interest only in the entire loss adjusted at $1,500. Section 5903, Rev. Codes 1905, is controlling, to the extent that the utmost recovery to which plaintiff was entitled upon his motion, conceding without deciding that he was entitled to recover, would be $750 and interest thereon from the date of loss. This statute reads: "The measure of an insurable interest in property is the extent to which the insurer might be damnified, by loss or injury thereof." The utmost amount of his loss or injury could be not more than one half of $1,500, the total loss ascertained by the adjustment.

It is unnecessary to decide other questions presented. Upon trial, plaintiff may be able to prove his sole and entire ownership of the crop insured and his right to recover the full amount of the policy. A trial may also disclose a waiver or estoppel as to other questions presented. This court has already passed upon other questions that may be involved. Johnson v. Dakota F. & M. Ins. Co. 1 N. D. 167, 45 N. W. 799; J. P. Lamb & Co. v. Merchants' Nat. Mut. F. Ins. Co.

18 N. D. 253, 119 N. W. 1048, as modified by Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837. Consult also Waterbury v. Dakota F. & M. Ins. Co. 6 Dak. 468, 43 N. W. 697; Lyon v. Insurance Co. 6 Dak. 67, 50 N. W. 483; and Thompson v. Travelers' Ins. Co. 11 N. D. 274, 91 N. W. 75; and 13 N. D. 444, 101 N. W. 900; and Soules v. Brotherhood, A. Y. 19 N. D. 23, 120 N. W. 760. The Soules Case passes upon Section 5934 discussed in the briefs.

As the judgment must be reversed, and cannot be finally determined by a decision on this motion, it is ordered that the judgment appealed from be set aside, and the case is remanded for trial or further proceedings, appellant to recover upon the entry of final judgment herein for its costs and disbursements taxable on this appeal.