HANNAH F. BENJAMIN and HANNAH AMELIA TERRY, Respondents, *v.* THE PALATINE INSURANCE COMPANY, LIMITED, OF LONDON, ENGLAND, Appellant, Impleaded with JOHN M. DIVEN, Respondent.

*Insurance — condition as to mortgage foreclosure — knowledge by the agent of a pending action of mortgage foreclosure estops the insurance company to take advantage of the condition.*

Knowledge on the part of an agent of a fire insurance company, at the time he issues a policy of fire insurance, of the pendency of proceedings to foreclose a mortgage upon the insured property, will estop the insurance company from setting up the pendency of the foreclosure action as a bar to the maintenance of an action on the policy under a clause in the policy declaring that, unless otherwise provided by agreement indorsed upon or added to the policy, it shall be void, "if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed."

APPEAL by the defendant, The Palatine Insurance Company, Limited, of London, England, from a judgment of the Supreme Court in favor of the plaintiffs and the defendant, John M. Diven, entered in the office of the clerk of the county of Suffolk on the 11th day of March, 1902, upon the verdict of a jury rendered by direction of the court.

*John Notman* [*Michael H. Cardozo* with him on the brief], for the appellant.

*William B. Ellison* [*Arnold L. Davis* with him on the brief] for the plaintiffs, respondents.

*John M. Diven,* for the defendant, respondent.

WILLARD BARTLETT, J.:

This is an action to recover the amount due on a policy of fire insurance covering property in Florida and belonging to the plaintiffs.

The policy contained a provision declaring that, unless it was otherwise provided by agreement indorsed thereon or added thereto, it should be void "if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed."

It appeared that proceedings to foreclose a mortgage upon the property had been begun on April 20, 1900, more than a year before the issue of the policy, which was on April 27, 1901.

There was clear and undisputed proof in the case to the effect that the agent from whom the policy was obtained had knowledge of the pending foreclosure proceedings at the time when he issued the policy.

The respondents insist that the language of the provision which we have quoted from the policy refers only to foreclosure proceedings commenced after the issue of the policy, and not to proceedings instituted prior to the time when the policy was issued, and, in support of this proposition, they cite *Chamberlain* v. *Insurance Company of North America* (20 N. Y. St. Repr. 543). Whether they are correct in this proposition or not, we think that, under the New York authorities, the knowledge of the agent who issued the policy that the foreclosure proceedings were actually pending at the time estops the insurer from setting up the pendency of such proceedings as a bar to the maintenance of this action. (*Wood* v. *American Fire Ins. Co.*, 149 N. Y. 382; *Robbins* v. *Springfield Fire Ins. Co.*, Id. 477.) It is true that the Supreme Court of the United States, by a majority vote (the Chief Justice, Mr. Justice HARLAN and Mr. Justice PECKHAM dissenting), has disapproved of the conclusion reached by our Court of Appeals in the cases cited. (*Assurance Co.* v. *Building Association*, 183 U. S. 308, 327.) Nevertheless, that conclusion is binding upon us here, and it follows that this judgment must be affirmed.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment affirmed, with costs.