(112 App. Div. 596)

WISOTZKEY v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

INSURANCE—BROKERS—KNOWLEDGE OF FACTS—ESTOPPEL.

Plaintiff applied to M. & J. for a line of insurance on lumber belonging to another, to secure plaintiff's interest therein as a creditor of the owner. M. & J., being unable or unwilling to place all the insurance, according to a custom among insurance agents, applied to defendant's agent for a policy, which was issued, in which plaintiff's interest in the lumber was improperly stated. The policy, which provided that no person unless duly authorized in writing should be deemed the agent of the insurer, was delivered to M. & J. Plaintiff paid the premium for the entire insurance to them, and they paid the premium on the policy in question to defendant's agent. Held, that M. & J. were mere insurance brokers, and not defendant's agents, and hence defendant was not estopped by their knowledge of plaintiff's interest to insist on a forfeiture.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 968.]

McLennan, P. J., dissenting.

Appeal from Special Term, Allegany County.

Action by Daniel Wisotzkey against the Hartford Fire Insurance Company. From a judgment in favor of plaintiff, entered on a referee's report, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Horace McGuire, for appellant.
F. A. Robbins, for respondent.

SPRING, J. The policy of insurance in this case was issued concurrently with the one involved in the action of the same plaintiff against The Niagara Fire Insurance Company, a decision in which case is handed down simultaneously with the present decision. The records in the two cases are largely identical, with, however, one important difference. Murray & Jones were the insurance agents at Hornellsville to whom Michael, the owner of the property, applied for insurance.

They were unable or unwilling to place all the $15,000 of insurance desired in companies represented by them. They accordingly applied to Mr. Dunning, the general agent of the defendant at Hornellsville, and he thereupon issued the policy in suit, countersigning it as agent. Murray & Jones placed on the outside of the policy, "Murray & Jones, General Insurance, 132 Main Street, Hornellsville, New York," the same as upon all the other policies, and delivered them all to Michael, who paid them the premium on the policy, and they settled with Dunning, the agent of the defendant. Michael never had any communication with Dunning, and never employed him to insure his property. His agreement was with Murray & Jones. The parol proof shows that they knew that the plaintiff was not the absolute owner of the insured property, but the policy was intended primarily to protect him for loans, advances, and indorsements for the benefit of Michael, the owner, and to enable the latter to carry on the lumber business.

The referee, upon evidence which justifies the conclusion, has made the following finding of fact:

"That in the year 1903, and for some time prior thereto, there had existed among the insurance offices and agencies in said city of Hornellsville a custom of dividing insurance in the manner following: When an agent received an application for a line of insurance larger than he desired or was able to write, he placed a part of it with another agent, obtained the policy or policies so issued, placed them with the policies issued by himself or the companies he represented directly, on the same property, delivered all the policies to the insured, collected the whole premium, and settled with the agent issuing the policy or policies so applied for. That under this custom the insured had no communication with agent writing and issuing the policy so applied for by the other agent, and the insured did not know him in the transaction. That the defendant herein, the Hartford Fire Insurance Company, had notice and knowledge of said custom."

The policy contains this clause:

"In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company."

We think Murray & Jones were not the agents of the defendant, but in effecting this insurance were insurance brokers, and their knowledge of the real interest of the plaintiff in the insured property cannot be deemed information binding the defendant. Northrup v. Piza, 43 App. Div. 284, 60 N. Y. Supp. 363; affirmed 167 N .Y. 578, 60 N. E. 1117; McGrath v. Home Insurance Co., 88 App. Div. 153, 84 N. Y. Supp. 374.

The prevalence of the custom for the mutual accommodation of the various agencies in Hornellsville does not alter the principle applied in the cases cited. The custom or practice was for the convenience of the agents, and did not constitute each one of them a general agent of the defendant.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., who dissents in opinion.

McLENNAN, P. J. (dissenting).    I dissent, upon the ground that the finding of the referee that Murray & Jones were the agents of the defendant was amply supported by the evidence; upon the further ground that it would be against public policy to hold that a general insurance agent, who is made acquainted with all the facts in an application for insurance, may go to another insurance agent, when their usual course of business permits such dealing, and effect the desired insurance without disclosing the information received by him from the applicant for insurance, and thus prevent a valid policy of insurance being issued.    It is well known that a person or corporation having property to be insured usually intrusts such insurance to an agent or broker, who represents a number of insurance companies.    If the amount of insurance is greater than the companies represented by such agent can carry, the desired amount is effected through other agencies, representing other insurance companies.    This system of placing insurance is almost universal, but it has been expressly found by the referee upon competent evidence that it was the practice and system adopted by the defendant insurance company in the city of Hornellsville.    We think, under the circumstances, that the information received by the agent of the Niagara Fire Insurance Company was the information received by the defendant, and that it was bound thereby.

It therefore follows that the judgment should be affirmed, with costs.

(112 App. Div. 555)

### BROOKS v. INTERNATIONAL RY. CO.

(Supreme Court, Appellate Division, Fourth Department.    May 2, 1906.)

1. APPEAL—PRESUMPTIONS—APPEAL FROM NONSUIT.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3748.]

2. STREET RAILROADS—COLLISION WITH CYCLIST—CONTRIBUTORY NEGLIGENCE.

Where a person riding a bicycle upon the street in the usual way reaches a point 20 feet from a street car track, and sees a car approaching 150 feet distant, his failure to stop and wait until the car passed is not contributory negligence as a matter of law.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Street Railroads, §§ 257, 214.]

3. SAME—QUESTION FOR JURY.

In an action against a street railway company for death caused by a collision between a car and cyclist at a street crossing, evidence *held* to require submission to the jury of the question whether deceased was guilty of contributory negligence.

Appeal from Trial Term, Erie County.