(112 App. Div. 599)

### WISOTZKEY v. NIAGARA FIRE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. INSURANCE—MISSTATEMENT OF INTEREST—ESTOPPEL.

Where insurer's agents, at the time they issued a policy insuring certain lumber as held by plaintiff "in trust on commission or sold, but not removed," had full knowledge that plaintiff was not the owner of the lumber, and that the policy was intended to protect plaintiff for loans, advances, and indorsements made by him to enable the owner to manufacture and sell the lumber, defendant was estopped to deny liability on the policy because plaintiff's interest was not truly stated, though the policy also provided that no agent should have power to waive any provision or condition in the policy unless otherwise provided therein, and then only by an agreement indorsed thereon or added thereto.

2. PARTNERSHIP—INTEREST AND PROFITS.

Where plaintiff advanced money and indorsed notes for the owner of certain lumber to enable him to carry on his business, it being agreed that, in addition to repaying the money loaned and satisfying the notes, the owner of the lumber should pay plaintiff one-third of the net profits realized from the enterprise, such contract did not constitute plaintiff a partner in the lumber enterprise.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Partnership, § 17.]

Appeal from Special Term, Allegany County.

Action by Daniel Wisotzkey against the Niagara Fire Insurance Company. From a judgment in favor of plaintiff on a referee's report, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Horace McGuire, for appellant.

F. A. Robbins, for respondent.

SPRING, J. On the 26th day of May, 1903, the defendant, an insurance corporation organized pursuant to the laws of the state of New York, issued its policy of standard form, whereby it insured certain property to the plaintiff against loss or damage by fire as follows:

"Daniel Wisotzkey. $2,500. On lumber, timber, lath, posts, and all other stock, materials, and supplies pertaining to his line of business, his own, or held by him in trust, on commission or sold but not removed while located in the town of Grove, Allegany county, N. Y. Other insurance permitted."

The plaintiff was not the absolute owner of the property described. It was owned by a man by the name of Michael, and was piled up near his mill in the town of Grove, in said county of Allegany. The greater part of it was destroyed by fire of an incendiary origin on the 30th day of October, 1903, and while said policy was in force. There is no proof implicating the plaintiff with the burning of said lumber, and the referee has found "that there is not sufficient evidence to connect Michael with the incendiary act," and the evidence sustains that conclusion. The value of the property destroyed is fixed by the referee at $13,214.14. The plaintiff was a hotel keeper, residing in Williamsport, Pa., and in the fall of 1902 agreed to loan money to said Michael and indorse notes for him, to enable the latter to purchase logs and manufacture the same into lumber. In pursuance of this agreement, the plaintiff had

loaned to or indorsed notes which were negotiated for the benefit of Michael to the amount of $15,000, and at the time of the fire the said notes and loans aggregated $13,307. The notes were secured by property of the plaintiff and his wife. Michael, in order to protect the plaintiff, agreed to keep the logs and lumber insured in the plaintiff's name. Murray & Jones of Hornellsville, N. Y., at the time of the issuance of the policy in suit were the general agents of the defendant, and also represented several other fire insurance companies. They issued the policy in suit at the instance of Michael, and at the same time issued other policies, making the full amount of the insurance placed upon this property at $15,000, and all concurrent. The premiums on all the policies, aggregating $525, were paid to Murray & Jones by Michael, to whom the policies were delivered, and he sent them to the plaintiff. Due and proper proofs of loss were furnished to the defendant after the fire.

Payment of the policy is contested on the ground that the interest of the plaintiff was not correctly stated in the policy, and, consequently, that the contract is void by virtue of the provision contained in it declaring that:

"The entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance, or the subject thereof; or if the interest of the insured in the property be not truly stated herein."

Parol proof was received on the trial, against the objection and exception of the defendant, to show that before the making of the contract the agents of the defendant were informed that the plaintiff had loaned money and indorsed notes to aid Michael to purchase and saw the logs into lumber, and that Michael was the sole owner of the property, but had agreed to have this property insured to protect the plaintiff for the advances and indorsements made by him. On this subject, after reciting in detail the facts, the referee made this general finding of fact:

"That said policy, issued by the defendant through its said agents, was issued with full knowledge on the part of said defendant through its said agents that the plaintiff was not the owner of said property, but that said Michael was the owner thereof, and that the plaintiff had the interest described by said Michael to said Murray as above set forth, and that said defendant, by its said agents, issued said policy with the intent, and adopted the form and description of the assured's interest appearing therein with the intent, to describe and cover the interest of said plaintiff in said property as disclosed to them, and any interest which the plaintiff might have in said property of any kind whatever."

The evidence is ample to sustain the conclusion of the referee that the agents of the defendant were fully apprised that Michael was the owner of the property insured, and that the policy was intended to protect the plaintiff for his loans, advances, and indorsements. The contract of insurance contains the clause that no agent of the company "shall have power to waive any provision or condition of this policy" unless the policy provides otherwise, and then such waiver can only be effective by "agreement indorsed hereon or added hereto." It is urged that the effect of the parol evidence and the finding based upon it is to vary this stipulation in the written agreement.

The courts of this state are anchored to the proposition that where an insurance company issues its policy knowing fully the facts, which, if upheld, would vitiate the contract at its inception, it will be estopped from repudiating the policy, or be deemed to have waived the strict provisions contained in it. To hold otherwise would involve the perpetration of a fraud upon the insured, who parted with his money in good faith, and without any misrepresentation or deception, believing that his property was insured. Wood v. American Fire Ins. Co., 149 N. Y. 382, 44 N. E. 80, 52 Am. St. Rep. 733; Forward v. C. Insurance Co., 142 N. Y. 382, 37 N. E. 615, 25 L. R. A. 637; Lewis v. Guard. F. & Life Ins. Co., 181 N. Y. 393–395, 74 N. E. 224, 106 Am. St. Rep. 557; Brooks v. Erie Fire Ins. Co., 76 App. Div. 275, 78 N. Y. Supp. 748, affirmed on opinion below, 177 N. Y. 572, 69 N. E. 1120; Benjamin v. Palatine Ins. Co., 80 App. Div. 260, 80 N. Y. Supp. 256, affirmed on opinion below 177 N. Y. 588, 70 N. E. 1095. The court in the case first cited say, at page 388 of 149 N. Y., page 81 of 44 N. E., 52 Am. St. Rep. 733:

"The restrictions inserted in the contract upon the power of the agent to waive any condition, unless done in a particular manner, cannot be deemed to apply to those conditions which relate to the inception of the contract, when it appears that the agent has delivered it and received the premiums with full knowledge of the actual situation. To take the benefit of a contract with full knowledge of all the facts, and attempt afterwards to defeat it, when called upon to perform, by asserting conditions relating to those facts, would be to claim that no contract was made, and thus operate as a fraud upon the other party."

The counsel for the appellant recognizes the current of authorities to be as stated, but contends that they do not apply to the present case. The distinction sought to be maintained is that in each of the cases permitting a waiver of the conditions in the policy to be established by parol evidence the right of the agent to waive by writing upon the policy was accorded in it. We think the distinction is flatly opposed to the principle upon which these many cases rest. The rule is an equitable one, and exists in order that the insurance company may be estopped to claim that its policy was never valid after it has received the benefits accruing to it, and insured with full knowledge of the facts, which after loss it claims vitiates the contract.

It is also worthy of note that the policy did not in any event "truly state" the interest of the plaintiff in the property supposed to be insured, as the agents must have known. No one ever suggested that he was the trustee of the property, or held it "on commission." According to the claim of the defendant, his title was believed to be that of an unqualified owner. The contention of the plaintiff was that he was a creditor of the true owner, and his insurable interest was due to the fact that he furnished the money for carrying on the business. By the agreement between the plaintiff and Michael, and pursuant to which the money was advanced and the indorsements made, Michael, in addition to repaying the money loaned and satisfying the notes, was also to pay the plaintiff one-third of the net profits realized from the lumber enterprise. The appellant contends this agreement constituted the parties copartners in the project, and the nature of the relation was not disclosed to the agents of the defendant, and, consequently, the real

interest of the plaintiff in the property was not revealed to them, and the policy, for that reason, was avoided. The plaintiff never saw the logs, and took no part in the management of the business. Michael sold the lumber, and used the avails as he desired, without the interference or control of the plaintiff. The arrangement between them did not constitute the plaintiff a partner in the business. Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267; Cassidy et al. v. Hall et al., 97 N. Y. 159; Curry v. Fowler, 87 N. Y. 33, 41 Am. Rep. 343; Meehan v. Valentine, 145 U. S. 611, 12 Sup. Ct. 972, 36 L. Ed. 835. The relations of the plaintiff and Michael are not to be determined by the rules applicable if we were considering the rights of creditors who had loaned money or trusted Michael upon the assumption that the plaintiff was liable as a partner.

The judgment should be affirmed, with costs.

Judgment affirmed, with costs and disbursements of this appeal. All concur.