# STOTLAR et al. v. GERMAN ALLIANCE INSURANCE COMPANY.

(136 N. W. 792.)

**Insurance — knowledge of company as to property insured.**

1. The local agent of the defendant insurance company was fairly and fully informed of the plaintiffs' title to the property insured, and accepted the premium and issued the policy thereafter. Held that the knowledge of the agent was the knowledge of the company, and the company is therefore estopped to set up, as a defense to a loss, facts of which they had knowledge before the issuance of the policy.

Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837, followed.

**Insurance — contract — evidence.**

2. Evidence examined and found that plaintiffs became the owners of the building insured, either upon a parol contract or upon a written contract of very similar terms, but whether the title was obtained either way was immaterial in this case wherein it appears that the title was in fact obtained either way and the company was fully informed of its nature before the policy was issued.

**Appeal and error — insurance — review — trial court.**

3. Numerous assignments of error arising on account of the refusal of the trial court to allow defendants to show that the building was obtained under the written contract are disregarded because it is immaterial how the building was obtained, the written contract showing that the title to said building passed to the plaintiffs, and gave them an insurable interest therein, they did not misrepresent their title to the insurance company.

Opinion filed May 27, 1912. Rehearing denied June 13, 1912.

Appeal from the District Court of Ramsey county; *Cowan,* J. Affirmed.

*E. R. Sinkler* and *J. A. Heder,* for appellants.

If the ownership of the property is other than sole and unconditional, the policy is void. Brown v. Commercial F. Ins. Co. 86 Ala. 189, 5 So. 500; Lasher v. St. Joseph F. & M. Ins. Co. 86 N. Y. 423; Roch-

Note.—For a collection of the authorities on the question of imputing to insurers knowledge possessed by their agents, see note in 107 Am. St. Rep. 106.

ester German Ins. Co. v. Schmidt, 89 C. C. A. 333, 162 Fed. 447; Cole v. Niagara F. Ins. Co. 126 Mo. App. 134, 103 S. W. 569; Hebner v. Palatine Ins. Co. 55 Ill. App. 275; Westchester F. Ins. Co. v. Weaver, 70 Md. 536, 5 L.R.A. 478, 17 Atl. 401, 18 Atl. 1034; McWilliams v. Cascade F. & M. Ins. Co. 7 Wash. 48, 34 Pac. 140; 19 Cyc. 693; Phœnix Ins. Co. v. Public Parks Amusement Co. 63 Ark. 187, 37 S. W. 959; Dumas v. Northwestern Nat. Ins. Co. 12 App. D. C. 245, 40 L.R.A. 358; 13 Am. & Eng. Enc. Law, 236; Cuthbertson v. North Carolina Home Ins. Co. 96 N. C. 480, 2 S. E. 258; Henning v. Western Assur. Co. 77 Iowa, 319, 42 N. W. 308; 4 Current Law, 518; Insurance Co. of N. A. v. Erickson, 50 Fla. 419, 2 L.R.A.(N.S.) 512, 111 Am. St. Rep. 121, 39 So. 495, 7 Ann. Cas. 495; St. Landry Wholesale Mercantile Co. v. New Hampshire F. Ins. Co. 114 La. 146, 38 So. 87, 3 Ann. Cas. 821; 6 Current Law, 95; Ostrander, Fire Ins. ¶¶ 66, 73; Brown v. Commercial F. Ins. Co. 86 Ala. 189, 5 So. 500; Mers v. Franklin Ins. Co. 68 Mo. 127; Swan v. Watertown Ins. Co. 96 Pa. 37; Adema v. Lafayette F. Ins. Co. 36 La. Ann. 660; Alabama Gold L. Ins. Co. v. Johnson, 80 Ala. 467, 60 Am. Rep. 112, 2 So. 125.

Where a fire policy provides that it shall be void if the subject of insurance is a building on land not owned by the assured in fee simple, such fact renders the policy void. Wyandotte Brewing Co. v. Hartford F. Ins. Co. 144 Mich. 440, 6 L.R.A.(N.S.) 852, 115 Am. St. Rep. 458, 108 N. W. 393; Hall v. Niagara F. Ins. Co. 93 Mich. 184, 18 L.R.A. 135, 32 Am. St. Rep. 497, 53 N. W. 727; Hoose v. Prescott Ins. Co. 84 Mich. 309, 11 L.R.A. 340, 47 N. W. 587; Waller v. Northern Assur. Co. 64 Iowa, 101, 19 N. W. 865; 19 Cyc. 699; Haider v. St. Paul F. & M. Ins. Co. 67 Minn. 514, 70 N. W. 805; Insurance Co. v. Waller, 116 Tenn. 1, 115 Am. St. Rep. 763, 95 S. W. 811, 7 Ann. Cas. 1078; Planters' Mut. Ins. Asso. v. Hamilton, 77 Ark. 27, 90 S. W. 283, 7 Ann. Cas. 55; Fox v. Queen Ins. Co. 124 Ga. 948, 53 S. E. 271; Security Ins. Co. v. Kuhn, 207 Ill. 166, 69 N. E. 822; Tyree v. Virginia Ins. Co. 55 W. Va. 63, 66 L.R.A. 657, 104 Am. St. Rep. 983, 46 S. E. 706, 2 Ann. Cas. 30; Home Ins. Co. v. Smith, — Tex. Civ. App. —, 29 S. W. 264; Dwelling House Ins. Co. v. Shaner, 52 Ill. App. 326; Hankins v. Rockford Ins. Co. 70 Wis. 1, 35 N. W. 34; O'Brien v. Home Ins. Co. 79 Wis. 399, 48 N. W. 714.

Where the policy provides that the true interest of the assured in the property shall be stated in the policy, and the true interest of the assured is not stated in the policy, and the interest is not disclosed, the policy is void. Wierengo v. American F. Ins. Co. 98 Mich. 621, 57 N. W. 833; Diffenbaugh v. Union F. Ins. Co. 150 Pa. 270, 30 Am. St. Rep. 805, 24 Atl. 745; Waller v. Northern Assur. Co. 2 McCrary, 637, 10 Fed. 232; Syndicate Ins. Co. v. Bohn, 27 L.R.A. 614, 12 C. C. A. 531, 27 U. S. App. 564, 65 Fed. 165; Columbian Ins. Co. v. Lawrence, 2 Pet. 35, 7 L. ed. 339; Carpenter v. Providence-Washington Ins. Co. 16 Pet. 495, 10 L. ed. 1044; New York L. Ins. Co. v. Fletcher, 117 U. S. 519, 29 L. ed. 934, 6 Sup. Ct. Rep. 837; Fuller v. Springfield F. & M. Ins. Co. 61 Iowa, 350, 16 N. W. 273; Waller v. Northern Assur. Co. 64 Iowa, 101, 19 N. W. 865; Henning v. Western Assur. Co. 77 Iowa, 319, 42 N. W. 308; Liverpool & G. W. Steam Co. v. Phenix Ins. Co. 129 U. S. 397, 32 L. ed. 788, 9 Sup. Ct. Rep. 469; Collins v. St. Paul F. & M. Ins. Co. 44 Minn. 440, 46 N. W. 906; Pelican Ins. Co. v. Smith, 92 Ala. 428, 9 So. 327; Weed v. London & L. F. Ins. Co. 116 N. Y. 106, 22 N. E. 229; Liberty Ins. Co. v. Boulden, 96 Ala. 508, 11 So. 771; Brown v. Commercial F. Ins. Co. 86 Ala. 189, 5 So. 500; Phœnix Ins. Co. v. Public Parks Amusement Co. 63 Ark. 187, 37 S. W. 959; Dumas v. Northwestern Nat. Ins. Co. 12 App. D. C. 245, 40 L.R.A. 358; Orient Ins. Co. v. Williamson, 98 Ga. 464, 25 S. E. 560; Crikelair v. Citizens' Ins. Co. 168 Ill. 309, 61 Am. St. Rep. 119, 48 N. E. 167; Geiss v. Franklin Ins. Co. 123 Ind. 172, 18 Am. St. Rep. 324, 24 N. E. 99; Westchester F. Ins. Co. v. Weaver, 70 Md. 536, 5 L.R.A. 478, 17 Atl. 401, 18 Atl. 1034; Citizens' F. Ins. Secur. & Land Co. v. Doll, 35 Md. 89, 6 Am. Rep. 360; McFetridge v. Phœnix Ins. Co. 84 Wis. 200, 54 N. W. 326.

P. J. McClory and W. M. Anderson, for respondent.

An insurance company which issues an insurance policy, without any application or representation by the insured, must inquire at the time as to the title by which the insured holds the land on which stands the building containing the insured property, if it deems it necessary or essential to know such fact. Peet v. Dakota F. & M. Ins. Co. 1 S. D. 462, 47 N. W. 532; Washington Mills Emery Mfg. Co. v. Weymouth & B. Mut. F. Ins. Co. 135 Mass. 505; McCabe Bros. v. Ætna Ins. Co. 9 N. D. 19, 47 L.R.A. 641, 81 N. W. 426.

Notice to agent is notice to principal. Phenix Ins. Co. v. Stocks, 149 Ill. 319, 36 N. E. 408; Imperial F. Ins. Co. v. Shimer, 96 Ill. 580; Home Ins. Co. v. Mendenhall, 164 Ill. 458, 36 L.R.A. 374, 45 N. E. 1078; Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837.

BURKE, J. This case grew out of the following facts: August 11, 1908, the old armory building at Devils Lake was owned by the N. W. M. Savings Company, who, upon that date, sold the lots to the city of Devils Lake, to be used for a public library site, and at the same time sold the old building to one Thompson. Thompson in turn sold the building to Stotlar & Young, these plaintiffs, for $2,000, one fifth cash, and the balance in four equal payments. Plaintiffs were to remove the building at the request of the library board, and were to keep the building insured for the benefit of Thompson's claim. It appears that the building had already been insured by the savings company, but they had dropped the insurance and requested the return to them of the unearned premium. Mooers was the local agent for the defendant insurance company, and probably solicited the plaintiffs to carry insurance with him. The plaintiff Young testified that Mooers asked him for the insurance and obtained his permission to write it. When Mooers presented him with the policy, however, it was merely an assignment of the old policy held by the savings company. Young says that "I told Mooers that we had bought the building only of Mr. Thompson, and that we didn't own the lots. . . . He said it was all right. . . . I told him the change we expected to make in the building. . . . He told me it would not interfere with the insurance, it would be all right to go ahead and do that, so I told him I wanted that understood, because I wanted insurance that would protect us."

This testimony is disputed by Mooers, but after a careful examination of all of the testimony we are inclined to believe that Mooers is mistaken in several particulars. While his testimony is undoubtedly honestly given, and is in many particulars correct, yet it must be remembered that Mooers wrote very many policies in a year, and it would be hard to remember the circumstances attending each one; while Young, on the other hand, probably had but this single policy to remember. And, again, the building of a public library in a city of 5,000

people would be well known to all of the business men of the town, and Mooers undoubtedly knew all particulars of the sale of the building, even had Young not told him. On top of this we find that upon the same day Mooers wrote a tornado policy upon the building for the plaintiffs, wherein he describes the building as a roller rink. We feel, therefore, that Mooers is mistaken, and agree with the trial court in holding that Mooers, the local agent of the insurance company, was fully and fairly informed of the plaintiffs' title to the building and the use to which it was to be put, before he delivered the policy. Under those circumstances the company will be estopped to plead the facts that it knew so well when it accepted the premium from plaintiffs. This is the doctrine of Leisen v. St. Paul F. & M. Ins. Co. 20 N. D. 316, 30 L.R.A.(N.S.) 539, 127 N. W. 837, wherein the policy of insurance and the facts regarding the title to the property were very similar to the case at bar. The law is so fully stated in said case that we will not attempt to enlarge thereon herein.

2. The defendants insist that plaintiffs have not shown an insurable interest in the building, and point out a certain written contract signed by themselves and Thompson, which contract, they claim, reserves the title in Thompson until the entire purchase price has been paid. It is conceded that plaintiffs owed Thompson some $800 at the time of the fire. This contract may or may not have been the one upon which the sale was made. Plaintiffs testify it was not, and the court refused to allow any testimony to be received to the contrary. However, we do not deem the mattter important. If the written contract was not the one upon which the sale was made, still it seems to contain all the terms of the oral contract contended for by plaintiffs. The fact that plaintiffs signed it inclines to the view that it was in truth the contract, and we will set it forth as governing in this case. Here it is so far as material:

"On payment of $1,600 in four notes of $400 each, I hereby agree to give Young and Stotlar a good and sufficient bill of sale to the Armory building. They to accept same now on grounds owned by the library board and to settle rental for same, if any. Also to pay for removing the building. In short, J. M. Thompson is to be held for no liability from and after August, 1908. Said Young and Stotlar agree to keep said building insured for no less than $2,000 with loss

payable clause running to said J. M. Thompson. A receipt for $400 is hereby acknowledged as payment by R. A. Young. C. A. Stotlar to leave a land contract as collateral to the above amount agreed, by Sullivan Boughem, John Boughem, and Louise B. Weber, until said amount has been paid in full. (Signed) J. M. Thompson, R. A. Young, C. A. Stotlar."

From a careful reading of the above writing we find that it was the intention of all of the parties that the title should pass at once. Otherwise a reservation of title would have been mentioned. The fact that Thompson stipulated that the building should be insured by plaintiffs for his benefit, instead of insuring it himself, tends to the same conclusion, as also does the fact that collateral was required as additional security. To the same conclusion points the clause that Thompson is to be held for no liability for the building after August, a statement inconsistent with ownership. It is our conclusion, therefore, that plaintiffs were the owners of the building subject to Thompson's rights to look to the building for the unpaid portion of the purchase price, and consequently had an insurable interest therein. Nor can the company avail themselves of the defense that the policy provides that it should be void if the ownership of the insured is not *unconditional;* the policy also showing that loss, if any, is payable to Thompson, mortgagee, as his interests may appear. The fact, if it be a fact, that Thompson was an equitable mortgagee, was without prejudice to defendant, it having been fully and fairly apprised of the nature of plaintiffs' title before the policy was delivered, which fact is shown by the policy itself. Besides this we have the testimony of the plaintiffs, positive and repeated, that the written contract had nothing whatever to do with the purchase of the building, but that the sale was made orally some days before the writing was made. If this testimony is true the plaintiffs became the owners of the building some days before the written agreement was made. Respondents also point out the fact that there is no evidence that said written contract was ever delivered.

3. The only remaining assignments of error are directed at the action of the trial court in curtailing cross-examination of witnesses relative to whether the written contract between plaintiffs and Thompson was not in fact the contract under which the sale was made. We are agreed that, had the issue been material, the rulings of the trial court

would have been error. However, as we hold the written contract passed the title to the building sufficiently to give to plaintiffs an insurable interest, and as their interest was fully explained to defendant, it cannot be said that the errors were material to the issues. Had defendant established the written contract of sale, he could not have obtained a different judgment.

Finding no material errors in the record, the judgment is affirmed.

Opinion filed May 27, 1912.   Rehearing denied June 13, 1912.

*P. J. McClory* and *W. M. Anderson,* for respondent.